**WEN ZHONG SUN, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,
Respondent.**

No. 06–1931–ag.

United States Court of Appeals,
Second Circuit.

June 12, 2007.

Liu Yu, New York, NY, for Petitioner.

Robert Clark Corrente, United States Attorney for the District of Rhode Island; Lee H. Vilker, Assistant United States Attorney, Providence, RI, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Wen Zhong Sun, a native and citizen of the People's Republic of China, seeks review of an April 10, 2006 order of the BIA affirming the November 19, 2004 decision of Immigration Judge ("IJ") Joanna M. Bukszpan denying Sun's application for relief under the Convention Against Torture ("CAT"). *In re Wen Zhong Sun,* No. A78 865 634 (B.I.A. April 10, 2006), *aff'g* No. A78 865 634 (Immig. Ct. N.Y. City Nov. 19, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Substantial evidence supports the IJ's determination that Sun failed to establish eligibility for relief under the CAT. Sun testified that he violated China's regulations when he left China to come to the United States and that perhaps he would be put in jail as punishment. When invited to elaborate on which law he violated and how he would be treated in jail, Sun merely reiterated that he had left China and that he might "possibly be beaten up." Upon being asked how he left the country, Sun stated that he "registered for a passport" and received assis-

tance from a "snakehead," whom he paid sixty thousand dollars. He denied knowing of anyone who had returned to China after having left with the assistance of a smuggler. In addition, Sun failed to submit any documentary evidence to support his contention that he faced a likelihood of torture if returned to China. Based on these circumstances, the IJ reasonably found that Sun failed to meet his burden of proof.

Sun's argument that he did not have an opportunity to "develop the record" is unavailing. As he acknowledged in his brief to the court, he was represented by counsel and was afforded a full hearing in which he was questioned by his own attorney, Government counsel and the IJ. Sun failed to use this opportunity to submit any evidence on his own behalf or to elaborate on his claim. Although Sun testified that he would be jailed because he was smuggled out of the country, this claim, "[w]ithout more particularized evidence," does not establish that it is more likely than not that he would be mistreated in any way. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005) (holding that a reasonable factfinder would not be compelled to conclude that the petitioner would more likely than not be subjected to torture if removed to China based solely on the fact that she had illegally departed China, without more particularized evidence).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).